# Third District Court of Appeal

## State of Florida

Opinion filed July 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0941 & 3D23-1125
Lower Tribunal No. 21-14724
_____

**Aria on the Bay Condominium Association, Inc.,**
Appellant,

vs.

**Bayshore Plaza I, LLC, etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Berger Singerman, LLP, and James D. Gassenheimer and Stephanie M. Chaissan, for appellant.

Squire Patton Boggs (US) LLP, and Jonathan R. Weiss and Amanda E. Preston, for appellees.


Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

In these consolidated appeals, appellant Aria on the Bay Condominium Association, Inc. ("Aria") challenges two trial court orders that, taken together, effectively validate transfers, in December 2019, of thirty-four parking spaces and seven storage spaces located in the Aria on the Bay condominium building from appellee Bayshore Plaza I, LLC ("Developer") to condominium units owned by 1770 Bayshore Plaza Drive, LLC's ("Bayshore").

We affirm the challenged orders because Developer and Bayshore met their initial summary judgment burden by presenting evidence that, at the time of the transfers, established: (i) Developer was still offering condominium units for sale in the ordinary course of business; and (ii) the assigned parking spaces and five of the seven assigned storage spaces were assignable pursuant to the Declaration of Condominium. Aria failed to rebut this showing by presenting record evidence that would create a genuine issue of material fact. Thus, the trial court did not err in granting Developer and Bayshore's summary judgment motion and denying Aria's partial summary judgment motion. See Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) ("Under the new [summary judgment] standard, once the moving party satisfies [the] initial burden [of proof], the burden then shifts to the nonmoving party to 'make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' Specifically, it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

We also affirm the trial court's post-summary judgment findings – regarding the assignability of the two remaining storage spaces and Bayshore's ejectment claim – because those findings are supported by competent, substantial evidence. See SG 2901, LLC v. Complimenti, Inc., 323 So. 3d 804, 807 (Fla. 3d DCA 2021) (holding that a trial court did not err when the findings of fact it made following a bench trial were supported by competent, substantial evidence).

Affirmed.